IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

M.W.                                                                                   PLAINTIFF

v.                                                       CIVIL ACTION NO. 4:25CV158-RP

COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

## OPINION AND JUDGMENT

The plaintiff, M.W.[1], seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable

decision of the Commissioner of Social Security regarding an application for supplemental security

income.   The parties have consented to entry of final judgment by the United States Magistrate

Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the

Fifth Circuit.   The undersigned held a hearing on August 12, 2026.   Having considered the

record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the

applicable law, the undersigned finds the Commissioner's decision is supported by substantial

evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[2]   The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining her burden at each of the first four levels, then the burden shifts to the

---

[1] In order to protect the plaintiff's medical privacy, only his/her initials are used in this decision..
[2] See 20 C.F.R. §§ 404.1520, 416.920 (2010).

1

Commissioner at step five.[3]   First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4]   Second, plaintiff must prove the impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[5]   At step three the ALJ must conclude plaintiff is disabled if she proves that the impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6]   If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7]   At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.   *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

---

[3]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[5]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[6]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[7]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[8]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[9]*Muse*, 925 F.2d at 789.

2

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff

---

[10]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

has the severe impairments of disorders of the cervical spine and disorders of the lumbar spine. The ALJ then found that plaintiff has the residual functioning capacity ("RFC") to perform light work except she

> can lift/carry 20 pounds occasionally and 10 pounds frequently; can stand/walk for 6 hours in an 8-hour workday; can sit for 6 hours in an 8 hour workday; can never climb ladders or scaffolds or work at heights; can occasionally stoop, kneel, crouch, crawl and work around moving machinery and vibration; can frequently climb ramps and stairs and drive; and can frequently finger, handle and reach.

At step four, the ALJ found that transferability of job skills is not an issue because Plaintiff does not have any past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of a office helper, housekeeper and ticket taker. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that in evaluating her symptoms, the ALJ failed to comply with SSR 16-3p in two respects. First, she argues that the ALJ improperly assessed the plaintiff's overall character or truthfulness in violation of SSR 16-3p when he stated the following in his decision:

> The claimant has never worked, which raises some questions as to whether the current unemployment is truly the result of medical problems. The claimant did not provide evidence of any kind of accident or injury that could have brought on her alleged impairments. She also failed to provide any kind of treatment history to suggestion [sic] a progression or worsening of her impairments.

The court disagrees with the plaintiff's contention that this constitutes an assessment of the plaintiff's overall character or truthfulness. Rather, it is an appropriate evaluation of whether the plaintiff's statements about her symptoms are supported by other record evidence, including

4

her prior work record and evidence from her medical sources – evidence the ALJ is required to consider when evaluating a plaintiff's symptoms. 20 C.F.R. § 416.929(c)(3). There is no error here.

Second, the plaintiff argues that the ALJ improperly considered the plaintiff's failure to seek medical treatment for her impairments without also considering – as SSR 16-3p requires – possible reasons for that, which may include that "[a]n individual may not be able to afford treatment and may not have access to free or low-cost medical services." SSR 16-3p, 2017 WL 5180304, at *10 (S.S.A. 2017). In his decision, while acknowledging the plaintiff's testimony that she could not afford medical treatment due to a lack of funds and health insurance, the ALJ found that she did not seek no-cost treatment alternatives, noting, "There is no evidence that the claimant could not have obtained low cost or no cost medical care as necessary if [she] were truly impoverished to the extent alleged." The plaintiff contends this is improper because she was not specifically asked whether she had access to low-cost medical services. However, there is no requirement that the ALJ specifically elicit such testimony from the plaintiff.

The plaintiff was asked (by her attorney) why there is a lack of treatment in the record, and although she testified that she has no health insurance or income to pay for such treatment, she offered no testimony that she has no access to low-cost medical services. An ALJ is not required to consider a claimant's inability to pay for medical treatment where the claimant "has not provided any evidence that she attempted to obtain low-cost or free [treatment], let alone that she was unable to do so." *Boykin v. Kijakazi*, No. 4:21-cv-507-KPJ, 2023 WL 2572208, at *6 (E.D. Tex. Mar. 20, 2023) (collecting cases holding same). The ALJ in this case did not violate SSR 16-3p.

5

The plaintiff also argues that the ALJ should have ordered a consultative examination after x-rays taken in August 2024 – after the initial and reconsideration decisions -- showed "multilevel variable degenerative changes" of the lumbar spine and "advanced anterior spondylosis" of the cervical spine. The plaintiff suggests that these findings indicate a worsening of her impairments necessitating a consultative examination to determine her functional limitations. The court disagrees.

"The ALJ's duty to undertake a full inquiry … 'does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision.'" *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Situations that may require a CE to secure needed medical evidence include those where "there is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established." 20 C.F.R. § 404.1519a(b)(4). Whether to require such an examination is within the ALJ's discretion. *Pierre,* 884 F.2d at 802.

In the present case, the court does not find that the August 2024 x-rays indicate a worsening of the plaintiff's conditions. The August 2024 lumbar x-ray showing "multilevel variable degenerative changes" is not inconsistent with a lumbar x-ray taken on April 4, 2024 and showing disc space narrowing at L5-S1 and endplate osteophytes from L3 to L5. Likewise, the August 2024 cervical x-ray showing "advanced anterior spondylosis" is not necessarily inconsistent with the findings of an April 4, 2024 cervical x-ray. "Spondylosis is a broad term that simply refers to some type of degeneration in the spine." *Tipler v. Berryhill*, No. 3:18-CV-2245-B (BH), 2019 WL 2233627, at *6 n.16 (N.D. Tex. May 5, 2019) (quoting David DeWitt, M.D., *Spondylosis: What It Actually*

6

*Means*, VERITAS HEALTH (Apr. 11, 2016)).   The April 4, 2024 cervical x-ray showed spinal degeneration as well, including disc space narrowing at C5-6 and C6-7 (just as the August 2024 x-ray showed) and endplate osteophytes from C4 through C7.   There is nothing in the August 2024 x-ray findings indicating that the plaintiff's degenerative changes were more "advanced" than those found in the April 4, 2024 x-ray.

When making his decision, the ALJ had the benefit of two consultative examinations of the plaintiff, the second of which was performed the same day as the April 4, 2024 x-rays and reported normal findings as to the plaintiff's lower back and neck.   The court finds that additional x-rays taken a mere four months later and indicating degenerative conditions of the lumbar and cervical spine that are not plainly worse than those shown on the earlier x-rays did not necessitate yet another CE to enable the ALJ to make the disability determination.   The ALJ did not abuse his discretion by not ordering another CE.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 13th day of August, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

7